Opinion filed August 16, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 16, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00168-CR 

                                                    __________

 

                                   DONALD S. DURHAM, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 337th District Court

 

                                                           Harris
County, Texas

 

                                                 Trial
Court Cause No. 1052471

 



 

                                                                   O
P I N I O N

A jury convicted Donald S. Durham of misdemeanor
theft by a public servant.  The trial
court assessed punishment at confinement in the Harris County Jail for one
year, but it suspended the imposition of the sentence and placed appellant on
community supervision for two years.  The
trial court also imposed a fine of $2,000. 
We affirm.








In his first two issues, appellant contends that
the evidence is legally and factually insufficient to support his
conviction.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, we review all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006) (overruling in part  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then we determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; 
Johnson, 23 S.W.3d at 10-11.

Appellant was employed as a Houston police officer.  He injured his back after he slipped and fell
while pursuing two suspects.  The pain
from the injury prevented appellant from returning to work.

 The Houston
Police Department had a written policy for injured employees.  Appellant received and signed a copy of the
policy.  In the document, the Houston
Police Department outlined appellant=s
responsibilities while on leave for his injury.   The policy contained the statement that an
injured employee had an obligation as part of his job responsibilities to
follow the procedures outlined in the policy. 
Some of the procedures were that injured employees must remain at home,
comply with all doctor=s
instructions, call his supervisors each day, and keep his supervisors informed
of his progress.  Additionally, an
injured person could not seek outside employment. Sergeant Mike Craig, a staff
attorney with the Houston Police Department, explained that the language
contained in the department=s
AInstructions for Classified Workers
Injured on the Job@ made it
explicitly clear that the injured employee=s
home served as his new duty station. 
Appellant=s
assigned work hours during his disability leave were Monday through Friday from
9:00 a.m. to 5:00 p.m.  Appellant
received the equivalent of his complete salary while on disability leave.








Sergeant Darryl Baker served as appellants=s primary contact person, and Sergeant
Baker told appellant to contact her daily.  
Sergeant Baker testified that appellant failed to contact her  regularly and that she had had a difficult
time reaching appellant during the times that he was supposed to be at
home.  Even though appellant had signed a
copy of the policy for injured employees, Sergeant Baker reminded him of his
obligation to remain at home.  Appellant
acknowledged that he understood Sergeant Baker=s
instructions.

Sergeant William R. Rios of the Internal Affairs
Division of the Houston Police Department  
conducted surveillance on appellant 
in order to determine whether he was violating the orders given to him
while on injury duty.  Sergeant Rios and
his partner noticed that appellant frequently left his house and went to a
business known as Personally Fit. 
Appellant=s wife
owned Personally Fit.  Sergeant Rios set
up an appointment to train at the gym. 
Appellant arrived for their first workout at 4:45 p.m.  Appellant trained Sergeant Rios and showed
him how to exercise with weights. 
Sergeant Rios scheduled another appointment for November 2, 2005, at
1:00 p.m.  When he arrived at the gym,
Sergeant Rios noticed that appellant was already training another
individual.  Appellant again worked with
Sergeant Rios.  Sergeant Baker testified
that appellant had called her on November 2, 2005, at 11:30 a.m.  Appellant indicated to Sergeant Baker that he
would be at home all day.  Sergeant Baker
called appellant back at 1:30 p.m., but appellant was not at home.  Appellant 
returned Sergeant Baker=s
call at 2:30 p.m., but he did not tell Sergeant Baker that he had left his home
that day.

Appellant supervised Sergeant Rios=s workout again on November 7.  Sergeant Baker received a phone call at 3:31
p.m. from appellant, and appellant told her that he was at home that day.  The Houston Police Department paid appellant
for a full eight hours of work on November 2 and on November 7.








Appellant contends that the evidence is both
legally and factually insufficient to support his conviction.  Appellant claims that he went to the gym in
order to follow his doctor=s
instruction.  Dr. Sam Alianell, appellant=s doctor, testified that lifting
weights served as part of appellant=s
rehabilitation process.  Dr. Alianell
also testified that it was important for appellant to maintain social contacts
while recovering from his injury.   Not
only was the Houston Police Department policy clear that injured employees must
follow doctor=s
instructions, but it was also clear that the injured employee must remain at
home and must follow reporting requirements. 
Appellant views these instructions as inconsistent.  We do not. 
Under the policy and the instructions, an injured employee could go to
places of recovery but must report the place of recovery.  Appellant did not.  The instructions were not inconsistent
because appellant could have reported to the Houston Police Department that his
doctor ordered him to lift weights and socialize.  Furthermore, we note that appellant=s activities at the gym were more
consistent with the activities of a gym employee rather than of one recovering
from an injury. Prior to his injury, appellant competed as an amateur
bodybuilder.

Appellant also argues that the evidence is
factually and legally insufficient because the City of Houston owed him money.  He claims that two of his paychecks had been
misplaced.  If an accused proves by a
preponderance of the evidence that he gave consideration for or had a legal
interest in the property stolen, the amount of the consideration or the value
of that interest is to be deducted from the value of the property stolen.  Tex.
Penal Code. Ann. _ 31.08(d) (Vernon
2003).  Appellant claims that he had a
legal interest in the Treasury of the City of Houston equal to what the city
owed him on the misplaced checks and that his consideration was his employment
agreement with the City of Houston. 
Appellant urges that the legal interest he had in the checks offsets the
amount that he allegedly stole. 
Appellant was the only person who testified that the checks were
misplaced.   Karen Colson, who was in
charge of payroll, testified that she was not given notice of any missing
checks for appellant.  Under the
standards for review of legal and factual sufficiency set out earlier in this
opinion, we hold that the evidence is legally and factually sufficient to
support the conviction.  We overrule
issues one and two.








Appellant urges in issue three that the district
court did not have jurisdiction.  The
information alleges that appellant stole between $50 and $500, a Class B
misdemeanor.  Tex. Penal Code Ann. _
31.03(e)(2) (Vernon
Supp. 2006).  Appellant argues that
district courts only have jurisdiction over misdemeanors that involve official
misconduct.  Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005).  A>Official misconduct= means an offense that is an
intentional or knowing violation of a law committed by a public servant while
acting in an official capacity as a public servant.@  Tex.
Code Crim. Proc. Ann. art. 3.04(1) (Vernon 2005).  Appellant urges that, for an offense to
constitute official misconduct, it must be both willful and related to the
duties of the office.  To support his
proposed definition of official misconduct, appellant relies upon the cases of State
v. Hall, 829 S.W.2d 184 (Tex. Crim. App. 1992), and Gallagher v. State,
690 S.W.2d 587 (Tex. Crim. App. 1985). 
However, his reliance on those cases is misplaced because the cases were
decided prior to the legislature=s
enactment of a definition for official misconduct.  Appellant=s
activities fit within the statutory definition. 
The district court had jurisdiction over the matter, and we overrule
issue three.

The judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 16, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.